**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE ⟩
⟩
v. ⟩     I.D. No. 1911011245
⟩
SHAMIR CONKEY, ⟩
⟩
Defendant. ⟩

Submitted: March 15, 2024
Decided: March 25, 2024

*Upon Defendant Shamir Conkey's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

*Upon Defendant Shamir Conkey's Motion for Appointment of Counsel*
**DENIED**

**<u>ORDER</u>**

Monil Amin, Esquire, Samuel Kenney, Esquire, Deputy Attorneys General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorneys for State of Delaware.

Shamir Conkey, SBI #480003, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19899, Defendant, *pro se.*

**WHARTON, J.**

This 25th Day of March 2024, upon consideration of Defendant, Shamir Conkey's ("Conkey") Motion for Postconviction Relief, his Motion for Appointment of Counsel, and the record in this case, it appears to the Court that:

1.     Conkey was convicted by a jury of Robbery in the First Degree, Assault in the Second Degree, and Reckless Endangering in the Second Degree. He was sentenced on all three counts.  Conkey appealed to the Delaware Supreme Court. That Court remanded the matter to this Court for the purpose of merging the assault and reckless endangering sentences.[1]  On April 14, 2023, this Court resentenced Conkey to 25 years at Level V, suspended after five years for decreasing levels of supervision on the robbery charge and eight years at Level V suspended after two years for concurrent probation on the assault charge.[2]  Conkey did not pursue a further appeal to the Delaware Supreme Court after his sentencing on remand.

2.     This Motion for Postconviction Relief ("PCR Motion") pursuant to Superior Court Criminal Rule 61, Conkey's first, was filed timely on March 15, 2024.[3] It is accompanied by his Motion for Appointment of Counsel.[4]  The motion raises two claims of ineffective assistance of counsel ("IAC").[5]  The first alleges:

> Counsel, Patrick Collins, practiced IAC to defendant because counsel failed to communicate plea offer to defendant from the state wherein the state offered a plea to

---

[1] *Conkey v. State,* 2022 WL 17751464 (Del. Dec. 19, 2022).
[2] D.I. 49.
[3] Def.'s PCR Mot., D.I. 50.
[4] Def.'s Mot. for Appoint. Of Counsel, D.I. 51.
[5] Def.'s PCR Mot., D.I 50.

(5) yrs in prison.  Had counsel communicated the plea offer to defendant, defendant would have accepted the offer where he would have received (5) yrs as a part of the plea as opposed to the (7) years he received @ trial.[6]

The second alleges:

Counsel, Patrick Collins, practiced IAC to Defendant because counsel failed to explain to the jury in court that defendant is blind in his left eye, which significantly contributed to Defendant's conduct during the offense. Had counsel explained this to the jury, the jury would have returned a not guilty verdict.[7]

3. Rule 61 is the exclusive remedy for those "in custody under a sentence of this court seeking to set aside the judgment of conviction…"[8]  This Rule balances finality "against … the important role of the courts in preventing injustice."[9]  Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]  Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final

---

[6] *Id.*

[7] *Id.*

[8] Super. Ct. Crim. R. 61(a)(1).

[9] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).

[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[11] *Id.*

or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[12] A second or subsequent motion is repetitive and therefore barred.[13] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[14] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[18]

4. To successfully bring an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the

---

[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2).
[14] Super. Ct. Crim. R. 61(d)(2)(i).
[15] Super. Ct. Crim. R. 61(d)(2)(ii).
[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).

4

claimant by depriving him or her of a fair trial with reliable results.[19]  To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[20]  Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[21]  "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[22]  A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23]

5.    An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim.  Failure to do so on either prong will doom the claim and the Court need not address the other.[24]  Further, The Court may enter an order summarily dismissing a PCR motion "if it plainly appears from the [motion] and the record of prior proceedings in the case that the movant is not entitled to relief."[25]

---

[19] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[20] *Id.* at 667-68.
[21] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[22] *Strickland*, 446 U.S. at 689.
[23] *Id.* at 694.
[24] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[25] Super. Ct. Crim. R. 61(d)(5).

6. Conkey's PCR Motion is a first timely motion under Rule 61 alleging IAC. Accordingly, it is not subject to any of the bars of Rule 61(i). Therefore, the Court examines it on the merits.

7. The Court begins with the observation that Conkey has misidentified his trial counsel. Patrick Collins, Esquire did **not** represent Conkey at trial. Mr. Collins represented Conkey on appeal and at his resentencing.

8. The Court turns first to Conkey's IAC complaint that trial counsel failed to advise him of the State's five year plea offer, which he would have accepted had he known of it. Conkey's claim that he was unaware of the plea offer simply is wrong. That rejected plea offer bears his signature.[26] Also, he stated in open court that he rejected that offer.[27]

9. Conkey's second IAC claim is that counsel was ineffective in not informing the jury that he was blind in one eye.[28] According to Conkey, had trial counsel done so, he would have been acquitted. Conkey does not explain how this information would have resulted in a not guilty verdict, or even how it is relevant. As a result, he fails to substantiate a concrete allegation of actual prejudice. This failure

---

[26] D.I. 24.
[27] Tr. Case Review Hr'g., July 6, 2021, at 2-3.
[28] Def.'s PCR Mot, D.I.

has made the risk of summary dismissal a reality, since It plainly appears to the Court from the PCR Motion and record in this case that Conkey is not entitled to relief.[29]

**THEREFORE**, for the reasons set out above, Defendant Shamir Conkey's Motion for Postconviction Relief is **SUMMARILY DISMISSED**. His Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[29] *See, Wright v. State,* 671 A. 2d at 1356.